(96 Misc. Rep. 548)

## In re DELAHUNT.

(Supreme Court, Special Term, Erie County. September 28, 1916.)

MUNICIPAL CORPORATIONS ⬮⟿218(4)—REMOVAL OF OFFICER—CIVIL SERVICE LAW—MANDAMUS.

Civil Service Law (Consol. Laws, c. 7) § 16, provides that vacancies in the competitive class shall be filled by promotion, based upon merit and competition. Section 22 provides that no person holding a position by appointment or employment, who is an honorably discharged Spanish War veteran, shall be removed, except for incompetency, etc., and that if such position is abolished, for reasons of economy or otherwise, he shall be transferred to another branch of the service for which he is fitted, at the same compensation. Relator, a Spanish War Veteran, was appointed in the department of public works as assistant foreman in the bureau of streets on filing an application with the municipal civil service commission, and, after a competitive examination in which he passed first, was transferred to the bureau of water, from which he was dismissed. *Held* that, as the question was whether the position of foreman became unnecessary or was abolished for reasons of economy, relator was entitled to an alternative writ of mandamus, so that facts relating to his appointment and removal might be proved, and, in the event that he was not legally removed, to a peremptory writ of mandamus for his restoration, or transfer to a similar position.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 591; Dec. Dig. ⬮⟿218(4).]

Application by William V. Delahunt for a writ of mandamus. Alternative writ of mandamus to issue.

Charles F. Boine, of Buffalo, for relator.

William S. Rann, Corp. Counsel, of Buffalo, for superintendent of public works.

BISSELL, J. The relator's affidavits show that he is a veteran of the Spanish War, and that at the time of his dismissal by the commissioner of public works of the city of Buffalo, in January, 1916, he was a foreman in the department of public works, bureau of water,

⬮⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

section of waste and leaks. He had been transferred to this position September 26, 1914, from the position of foreman in the bureau of streets of that department, to which he was appointed April 1, 1912, upon passing a competitive examination which was taken by assistant foremen in the department. He was originally appointed to work in the department of public works as assistant foreman in the bureau of streets upon filing an application with the municipal civil service commission.

Section 16 of the Civil Service Law provides as follows:

"Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotion shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority."

It is claimed by the relator that pursuant to this provison he was duly and regularly promoted from the position of assistant foreman to the position of foreman, after an examination limited to foreman in the department, and in which examination the relator passed first on the list. There is no claim that the relator was removed for incompetency or misconduct.

Section 22 of the Civil Service Law provides as follows:

"Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the State of New York or in the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor, or marine, having served as such in the Union army or navy during the War of the Rebellion, or who is an honorably discharged soldier, sailor or marine, having served as such in the Army or Navy of the United States during the Spanish War, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employé or appointee to a review by a writ of certiorari. If the position so held by any such honorably discharged soldier, sailor or marine or volunteer fireman shall become unnecessary, or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with the power of appointment to make such transfer effective."

The respondent's affidavits seem to show that the position held by the relator was abolished in the interests of economy, and because the work which he was doing could easily be performed by other men who had been for a much longer time in the department of the bureau of water as inspector of waste and leaks, and because his services were not required, and his position was only provided for on a weekly roll (as required). This contention is denied by the relator, who asserts that employés of the department of waste and leaks who were removed at the same time that the relator was removed were thereafter reappointed by the superintendent of public works, and without having taken or passed an examination therefor, and that these employés have been and are now performing substantially the same duties as

were performed by the relator in the bureau of water, and that the position and employment held and performed by relator was not abolished and terminated for reasons of economy or otherwise.

The question to be determined in this proceeding is whether or not the position of foreman in the department of public works held by the relator, after a competitive examination in which he passed first on the list, became unnecessary or was abolished for reasons of economy. I am of opinion that the relator is entitled to an alternative writ of mandamus, so that all of the facts relating to his appointment and removal may be proved, and in the event that his promotion to the position of foreman in the department of public works was in accordance with the Civil Service Law of the state, and he was not legally removed, a peremptory writ of mandamus may issue for his restoration to the position from which he was removed, or his transfer to a similar position, in accordance with the statute.

Let an alternative writ of mandamus issue.